# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 2:18-CR-5-RWS-JCF |
| GARY CALEB MEALOR and | : | |
| QWAMANE SHALONE HAYES, | : | |
| | : | |
| Defendants. | | |

## ORDER

This matter is before the Court on the Report and Recommendation of Magistrate Judge J. Clay Fuller [Doc. No. 41].

In reviewing a Report and Recommendation, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and

recommendations made by the magistrate [judge]," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record" in order to accept the recommendation. Fed. R. Civ. P. 72, advisory committee note, 1983 Edition, Subdivision (b). In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a *de novo* review of those portions of the R&R to which the parties object and has reviewed the remainder of the R&R for plain error. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

Here, Defendant Mealor objects to the conclusion that he lacks standing to raise a Fourth Amendment claim due to abandonment of the vehicle. The Government has shown that Defendant Mealor left his father's Pathfinder at the scene of the alleged carjacking after Defendant Hayes drove it into a culvert and then left the scene in another vehicle; the Pathfinder then remained in the impound lot for several months. Under these circumstances, the Court agrees that Defendant Mealor abandoned his expectation of privacy in the Pathfinder and its contents.

Defendant Mealor also objects to the conclusions that he is not entitled to a hearing on his Franks claim, and Defendant Mealor objects to the conclusion

2

that the search warrant application was supported by probable cause. The Court disagrees with Defendant Mealor and finds that the search warrant application was supported by probable cause that the Pathfinder would contain evidence of a crime, including the items listed in Attachment B of the search warrant. Significantly, Defendant Mealor has not shown materially false statements or material omissions in Agent Guice's affidavit that would negate a finding of probable cause. Under the circumstances, Defendant Mealor has not shown entitlement to a hearing under Franks.

The Government also objects to the R&R's recommendation that Defendant Hayes's Motion to Suppress be granted. The Court has reviewed the Government's well-written brief but agrees with the recommendation in the R&R. Significantly, the cumulative effect of the agents' inconsistent, confusing, and contradictory statements is particularly troubling to the Court. Given the totality of the circumstances, the Government has not met its burden of proving that Defendant Hayes voluntarily, knowingly, and intelligently waived his right to remain silent when questioned by agents on August 18, 2017.

For the reasons discussed above, the objections [Doc. Nos. 43 and 44] are OVERRULED, and the R&R is hereby approved and adopted as the opinion and

order of this Court. As such, Defendant Mealor's Motion to Suppress Evidence [Doc. No. 22] is DENIED, and Defendant Hayes's Motion to Suppress Statements [Doc. No. 23] is GRANTED.

Defendant Mealor's Motion to Continue Trial [Doc. No. 49] is GRANTED, and the period through a new trial date is properly excluded from the speedy trial clock because the ends of justice served by granting this extension of time outweigh the best interest of the public and the defendant in a speedy trial. The Court will set a trial date by later order.

**SO ORDERED** this 14th day of January, 2019.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)